Brown, J.
The bankrupts in this case were discharged on the 29th of March 1881. More than three years afterwards, a petition was filed to vacate the discharge,on the ground that it had been procured by fraud in the proceedings, section 5120 (Rev. St. of U. S.)) authorizing such an application, at any time within two years after the-date of the discharge. In my judg’ *180 ment, the time specified is a limitation upon the authority of the court; and such an application cannot be entertained after two years has expired. The language of section 5057 is not analogous. That section authorizes an action to be brought “within two years from the time when the cause of action accrued.”
Under this section, in cases of concealed fraud, it is held that the cause of action does not accrue until the discovery of the fraud or reasonable means of knowledge of it (Bailey v. Glovers, 21 Wall. 342; Rosenthal v. Walker, 111 U. S. 185, 190). Section 5120, however, is so different in its language as not to admit of any enlargement by similar latitude of construction. The rights of other persons in a business community, through subsequent transactions of a bankrupt, are moreover, so directly and largely involved, that the general policy of the bankrupt act forbids any such construction, even if it were possible under the language of section 5120. After two years from the discharge, the bankrupt is not only free to enter into new business engagements with a new set of creditors, but the latter have a right to rely on the protection against old claims which the bankrupt’s discharge purports to afford, and the complete bar to further litigation on the question of his discharge which the security of new business requires. If the discharge may be avoided after two years, on the ground that the fraud was not discovered, then there is no fixed period whatever after which any new business or new credits could be entered upon with safety.
As such a construction would apply equally to all discharges in bankruptcy whatsoever, to the honest as well as the dishonest, the practical effect of it would be, in a great measure, to nullify one of the great purposes of the bankrupt act, namely, to give the opportunity to bankrupt debtors to acquire a new start in business, and to enter upon new credits, freed from *181 their former obligations. On both grounds, therefore, the application should be dismissed (Pickett v. Mc-Gavick, 14 National Bankr. Reg. 236 ; Smith v. Ramsey, 15 Id. 447, 448).